**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10–cv–02011–WJM–KMT

THERESA CHRISTIE,

      Plaintiff,

v.

LOOMIS ARMORED US, INC.,

      Defendant.

---

**ORDER SUSTAINING PLAINTIFF'S OBJECTION TO MAGISTRATE
JUDGE'S RECOMMENDATION AND DENYING DEFENDANT'S
MOTION TO COMPEL ARBITRATION**

---

In this employment discrimination action, Defendant Loomis Armored U.S., Inc.

("Defendant" or "Loomis") filed a Motion to Compel Arbitration ("Motion").  (ECF No. 8.)

The Motion was referred to U.S. Magistrate Judge Kathleen M. Tafoya for a

recommended disposition.  (ECF No. 20.)  On March 21, 2011, Magistrate Judge

Tafoya issued her recommendation that the Motion be granted.  (ECF No. 21.)  Plaintiff

filed a timely objection to the Recommendation.  (ECF No. 22.)  These matters are fully

briefed and ready for review.

For the reasons set forth below, Plaintiff's Objection is sustained, the Magistrate

Judge's Recommendation is rejected, and Defendant's Motion is denied.

## I.  LEGAL STANDARD

When a Magistrate Judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine

de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## II. ANALYSIS

In her Recommendation, the Magistrate Judge found as follows: (1) Plaintiff's employment contract, which contains the disputed arbitration provision, was not a contract of adhesion; (2) the terms of the arbitration provision were sufficient clear so as to be enforceable; (3) Defendant's failure to execute the agreement did not render it unenforceable; (4) the condition precedent was sufficient clear; (5) the agreement was not illusory; and (6) that Plaintiff had clearly and unambiguously waived her right to a jury trial.  (ECF No. 21.)  Based on these findings, the Magistrate Judge recommended that Defendant's Motion to Compel Arbitration be granted.

The Court has reviewed the Recommendation and finds that it is well-reasoned and thorough.  The Court agrees with the findings and conclusions made therein. However, in her Objection, Plaintiff raises a new argument that was not briefed by the parties in the original motion papers and thus was not passed on by the Magistrate Judge.  Plaintiff now argues that, by the nature of her position as a driver for Defendant, her employment contract is exempt from the FAA.  Defendant contends that Plaintiff waived the exemption argument or, if not waived, that Plaintiff is not exempt.  The Court will address each issue in turn below.

**A.   Waiver**

Defendant argues that Plaintiff is not permitted to raise a new argument at this stage in the proceedings.  While issues not raised before the Magistrate Judge are generally treated as waived, *see Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996), the Court has discretion to consider issues not raised below.  *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993).  The Tenth Circuit is more solicitous of newly raised arguments when they challenge the authority of the court to take a particular action or when they involve purely legal issues.  *See id*. (appeals court's general rule that it does not consider new arguments raised on appeal does not apply when argument challenges the court's authority to hear a case); *Grubb v. FDIC*, 833 F.2d 222, 224 (10th Cir. 1987) (considering purely legal question raised for the first time on appeal); *Stahmann Farms, Inc. v. United States*, 624 F.2d 958, 961 (1980) (exercising discretion to consider new argument raised on appeal because it was a purely legal question and no further factual development was necessary).

The new argument raised by Plaintiff in her Objection is whether her employment contract is exempt from the FAA under Section 1 of that statute.  (ECF No. 24 at 2-3.) Section 1 of the FAA excludes "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1.  Plaintiff argues that Loomis is a transportation company and that, as a driver for Loomis, she is a "worker engaged in . . . interstate commerce."  The parties do not dispute any facts relevant to this inquiry.  Thus, the question of whether Plaintiff's employment contract is exempt from the FAA is a question of statutory interpretation

and, therefore, a purely legal question.  *United Rentals Northwest, Inc. v. Yearout*, 573

F.3d 997, 1001 (10th Cir. 2009) ("Statutory interpretation presents a question of law,

and the facts of an individual case will not affect a court's interpretation of a statute.").

Moreover, Plaintiff's argument challenges the Court's authority to remand this

case to arbitration.  Defendant moves to compel arbitration under Section 4 of the FAA,

which gives the Court the authority to enforce an arbitration agreement and to order the

parties to arbitration in lieu of allowing the action to proceed in court.  9 U.S.C. § 4.

However, "a district court has no authority to compel arbitration under Section 4 where

Section 1 exempts the underlying contract from the FAA's provisions."  *Van Dusen v.

Swift Trans. Co.*, 654 F.3d 838, 843 (9th Cir. 2011); *Harden v. Roadway Package Sys.,

Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2001) ("The district court lacked authority to compel

arbitration because the FAA is inapplicable to [employees] who are engaged in

interstate commerce.").  Thus, there is a question as to whether the Court has the

authority to send this case to arbitration.

Because Plaintiff's newly-raised argument is a purely legal issue that challenges

the Court's authority to compel arbitration, the Court will consider it despite the fact that

Plaintiff failed to raise it before the Magistrate Judge.

**B.      Applicability of Section 1**

As previously stated, Section 1 of the FAA exempts from the Act's coverage

"contracts of employment of seamen, railroad employees, or any other class of workers

engaged in foreign or interstate commerce."  9 U.S.C. § 1.  In *Circuit City Stores, Inc. v.

Adams*, 532 U.S. 105 (2001), the Supreme Court held that this exemption "is limited to

transportation workers, defined, for instance, as those workers 'actually engaged in the movement of goods in interstate commerce.'"   *Id.* at 112 (quoting *Cole v. Burns Int'l Security Servs.*, 105 F.3d 1465, 1471 (D.C. Cir. 1997)); *see also McWilliams v. Logicon, Inc.*, 143 F.3d 573, 576 (10th Cir. 1998) (Section 1 applies only to employment contracts "of employees actually engaged in the channels of interstate commerce."). Though the Tenth Circuit has not addressed this issue since *Circuit City* was decided, other courts have held that an employee invoking Section 1 must show: (1) their employer is a transportation company; and (2) their particular position was involved with interstate commerce.   *See Hill v. Rent-A-Center*, 398 F.3d 1286, 1290 (11th Cir. 2005); *Palko v. Airborne Express, Inc.*, 372 F.3d 588, 593 (3d Cir. 2004) (court must determine whether employee is "a 'transportation worker' in a 'class of workers . . . engaged in . . . commerce' within the meaning of the FAA.").

Defendant argues that Plaintiff has not shown that she ever delivered goods to another state.   (ECF No. 25 at 4.)   However, an employee need not actually transport goods across state lines to be part of a class of employees engaged in interstate commerce.   "Interstate commerce" includes not only goods that travel across state lines but also "the intrastate transport of goods in the flow of interstate commerce."   *Siller v. L&F Distributors, Ltd.*, 109 F.3d 765 (5th Cir. 1997).   In *Palko*, the plaintiff was responsible for monitoring the performance of truck drivers that delivered packages around the Philadelphia area.   372 F.3d at 590.   There was no evidence that any of the drivers under the plaintiff's supervision delivered packages to another state.   *Id*. Despite the fact that Plaintiff was not an actual driver and that none of the drivers she

supervised actually crossed state lines, the Third Circuit held that the supervisor's work "was so closely related to interstate and foreign commerce as to be in practical effect part of it." *Id*. at 593.  Thus, the supervisor was exempt from the FAA under Section 1. *Id*. at 594.

In this case, Loomis is registered with the Department of Transportation and identifies itself as engaged in the business of interstate transport of currency.  (ECF No. 26-1.)  Thus, the Court has little trouble finding that Loomis is a transportation company.  Unlike the supervisor in *Palko*, Plaintiff is a actually employed as a driver for Defendant.  Her job is to transport currency, a good that is undisputedly in the stream of interstate commerce.  Accordingly, the Court finds that Plaintiff belongs to a class of workers engaged in interstate commerce and is therefore exempt from the FAA pursuant to Section 1.

## III.  CONCLUSION

Defendant moves pursuant to Section 4 of the FAA for the Court to enter an order compelling Plaintiff to arbitration.  (ECF No. 8 at 8.)  Because the Court has held that Plaintiff's employment contract is not subject to the FAA, the Court lacks the authority to do so.  *Van Dusen*, 654 F.3d at 843.

Accordingly, it is hereby ORDERED as follows:

1.  Plaintiff's Objection (ECF No. 24) to the Magistrate Judge's Recommendation is SUSTAINED;

2.  The Magistrate Judge's Recommendation (ECF No. 21) is REJECTED on the grounds first raised by the Plaintiff in her objection;

3.      Defendant's Motion to Compel Arbitration (ECF No. 8) is DENIED; and

4.      The Magistrate Judge shall promptly set this matter for a Scheduling

Conference pursuant to Local Rule 16.1.

Dated this 9th day of December, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge