IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  1:10-CV-02011-WJM-KMT

THERESA CHRISTIE,

      Plaintiff,

v.

LOOMIS ARMORED US, INC.,

      Defendant.

## STIPULATED PROTECTIVE ORDER

Under Rule 26(c) of the Federal Rules of Civil Procedure, after having considered the Joint Motion for Stipulated Protective Order filed by Plaintiff Theresa Christie ("Christie") and Defendant Loomis Armored US, LLC's ("Loomis") (together, the "Parties"), and concluded that sufficient cause exists for the issuance of this Order, IT IS ORDERED as follows:

      1.    Nothing in this Protective Order is intended, nor shall it be construed, as a waiver or an admission that any document or information is admissible or contain confidential, proprietary business information, or trade secrets.  This Protective Order is simply a procedural framework to facilitate the discovery processes and provide protections concerning documents and information exchanged between and among the parties and non-parties in this case.  No part of this agreement shall be used in this action or any other action as evidence that any party has waived or admitted to any claims solely by designating documents or information as Confidential Information.

2. "Confidential Information" means any document, file, portion of any file, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom: (a) which is designated by one or more of the Parties in the manner provided in Paragraph 3; and (b) contains any personnel, trade secret, research and development, customer, technological, security or loss prevention information concerning a Party or a Party's client, or other confidential or proprietary information, including, but not limited to:

a. Deployment of Loomis' or its clients' personnel (including but not limited to delivery routes, shift assignments, worker locations, schedules, and timing of shift changes);

b. Maps, plans, schematic drawings, representations or other descriptions of the location or internal layout of Loomis' or its clients' facilities, equipment and financial and other assets;

c. Loomis' or its clients' security and loss prevention research, strategies, methods, training, protocols, processes, procedures, and equipment (including but not limited to the type, location, and use of such equipment);

d. Loomis' or its clients' recruitment, screening, testing, hiring, retention, training, discipline or termination of prospective or current employees or contractors as they pertain to security issues; and

e Christie's personal information, including, but not limited to: health information, wage information, and personal identification information.

Confidential Information shall not include information in any form which, as of the date of this Stipulated Protective Order, is in the possession of the non-Designating Party through lawful means or is in the public domain.

3. Where Confidential Information is produced, provided or otherwise disclosed by either of the Parties in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the words "Confidential" on the first and every page of any document produced, or for information produced in electronic form, by labeling the file, CD, or other medium of storage and transmittal with the term "Confidential";

    b. With respect to Confidential Information contained in a response to an interrogatory, request for admission, or similar discovery request, by imprinting the words "Confidential" next to or above any response to a discovery request;

    c. With respect to transcribed testimony, by designating to opposing counsel and the court reporter or other recorder during testimony those portions of the testimony that are to be identified and sealed in any transcript or record as "Confidential" and/or by giving written notice to opposing counsel and the court reporter designating those portions of the transcript or record that are "Confidential," as appropriate, no later than ten (10) calendar days after receipt of the transcribed testimony.

4.     Subject to paragraphs 10 and 11 of this Stipulated Protective Order, all Confidential Information provided by either of the Parties in response to a discovery request or transcribed testimony shall be restricted as follows:

    a.     It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

    b.     It shall not be communicated or disclosed by counsel for either of the Parties, or by the Parties themselves, in any manner, either directly or indirectly, to anyone other than the Parties, their legal counsel, members of legal counsel's staff, or the Court.  In addition, to the extent that disclosure of Confidential Information to a Party's expert witness is necessary to the work of the expert witness in this case, the Confidential Information may be disclosed to the expert witness, but only after an Affidavit in the form of Exhibit A has been signed by the recipient of the communication or disclosure.

5.     Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order or as described in Paragraph 4, and shall use such information only for the purpose of this litigation and not for any business or other purpose whatsoever.

6.     Counsel for each Party shall be responsible for assuring compliance with the terms of this Stipulated Protective Order with respect to persons to whom

Confidential Information is disclosed, shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed and a description of the specific Confidential Information disclosed to each such person.

7. To ensure or establish compliance/non-compliance with this Stipulated Protective Order, including but not limited to establishing the source of an unauthorized disclosure of Confidential Information, a Party may inspect the list maintained by counsel for the other Party as described in Paragraph 6, upon (a) agreement of both Parties, or (b) by motion of the requesting Party and Order of the Court based on a finding of substantial need.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, as well as any copies made therefrom under Paragraph 8.

10. If counsel for the non-designating Party objects to the designation of certain information as Confidential Information, he or she shall promptly inform the designating Party's counsel in writing of the specific grounds of objection to the designation. Designating counsel shall then within seven (7) business days provide in writing the specific grounds for having designated the information as Confidential Information. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such a good faith attempt, counsel are unable to resolve

their dispute, the designating Party may move for a ruling under this Stipulated Protective Order to maintain the Confidential status of the information. Any such motion shall be filed within fourteen (14) days of receipt by the non-designating Party's counsel of the designating counsel's written grounds for the designation of information as Confidential Information, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion. Filing such a motion shall not preclude the filing of a motion to restrict access under D.C.COLO.LCivR 7.2, and any ruling on one motion shall not control the ruling on the other.

11. Any motion to restrict public access shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980)). Counsel for a Party submitting a motion to restrict public access shall not file Confidential Information or introduce it in a court proceeding, if at all, except on the basis of the Court's ruling on that motion. Submission of any Confidential Information to the Court under D.C.COLO.LCivR 7.2 shall not otherwise relieve the Parties or their counsel of their obligations as described in Paragraph 4.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of

Confidential Information pursuant to this Stipulated Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Stipulated Protective Order.

13. By agreeing to the entry of this Stipulated Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents and/or information produced subject to the Order.

14. Upon termination of this litigation, including any appeals:

    a. each non-designating Party and any others who have received Confidential Information under the terms of the Stipulated Protective Order shall immediately destroy or return to the non-designating Party's counsel all Confidential Information, and all extracts, abstracts, charts, summaries, notes or copies made therefrom; and

    b. counsel for each non-designating Party shall provide to counsel for the designating Party written verification that all of those who have received Confidential Information under the terms of the Stipulated Protective Order from the non-designating Party or her or its counsel have destroyed or returned to him or her that Confidential Information and all extracts, abstracts, charts, summaries, notes or copies made therefrom.

15. Nothing in this Stipulated Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16. This Stipulated Protective Order shall be binding upon any future Party(ies) to this litigation.

ORDERED this 27th day of July, 2012.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED AS TO FORM:

| | |
|---|---|
| s/_____ | s/_____ |
| Catherine A. Chan | Christopher M. Leh |
| CHAN LAW FIRM | Alyson A. Smith |
| 1900 Grant St., Suite 750 | LITTLER MENDELSON |
| Denver, CO 80203 | A Professional Corporation |
| Denver, CO 80203 | 1200 17th Street |
| cchan@chanimmigration.com | Suite 1000 |
| | Denver, CO 80202.5835 |
| David Suro | Telephone: 303.629.6200 |
| SURO LAW FIRM | |
| 1900 Grant Street | Attorneys for Defendant |
| Suite 750 | |
| Denver, CO 80203 | LOOMIS ARMORED US, INC. |
| surolaw@msn.com | |

Attorneys for Plaintiff

THERESA CHRISTIE

**EXHIBIT A**
**(See Paragraph 4 of the Stipulated Protective Order)**

STATE OF _____ )
                             ) ss.
_____ COUNTY            )


_____, swears or affirms and states under penalty of perjury:

1. I have read the Stipulated Protective Order entered in THERESA CHRISTIE v. LOOMIS ARMORED US, LLC, (Case No. 10-cv-02011-WJM-KMT), a copy of which is attached to this affidavit (the "Stipulated Protective Order").

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are "Confidential Information," as that term is defined in the Stipulated Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or record any Confidential Information, as the case may be, that is communicated or disclosed to me except as authorized in the Stipulated Protective Order. I will not use the Confidential Information for any purpose other than this litigation and will otherwise comply with the terms of the Stipulated Protective Order.

4. For the purposes of enforcing the terms of the Stipulated Protective Order, I hereby submit myself to the personal jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Stipulated Protective Order in this case.

Executed this ___ day of _____, 2012

_____

STATE OF _____ )
                                      ) ss.
_____ COUNTY             )

SUBSCRIBED AND SWORN TO before me this ____ day of _____ 20__, by _____.

WITNESS MY HAND AND OFFICIAL SEAL.

_____
Notary Public

My Commission Expires _____

Firmwide:113387118.3 028378.1089